```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                              :
SECURITIES AND EXCHANGE COMMISSION,           :
                                              :          1:22-cv-03216 (RA)
              Plaintiff,                      :
                                              :
         - v -                                :
                                              :
MOSHE STRUGANO and RINAT GAZIT,               :
                                              :
              Defendants.                     :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
```

# DEFENDANT RINAT GAZIT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HER MOTIONS TO DISMISS THE COMPLAINT AND TO STAY DISCOVERY

PETRILLO KLEIN & BOXER LLP

Nelson A. Boxer
Christina Karam
655 Third Avenue, 22nd Floor
New York, NY 10017

*Attorneys for Rinat Gazit*

## INTRODUCTION

While the deficiencies described in Ms. Gazit's moving brief concerning the SEC's attempt to effect service pursuant to Rule 4(f)(1), Dkt. 41, and the deficiencies described below concerning the SEC's recent attempts to effect service pursuant to Rules 4(f)(2)(A) and 4(f)(2)(C)(ii), may seem technical, proper service is necessary to establish personal jurisdiction over Ms. Gazit, a non-U.S. citizen and non-U.S. resident who is not alleged to have made a single trade on a U.S. securities market.  The SEC has "ask[ed] this Court to extend its reach abroad, and thus careful adherence to the requirements of international treaties and the Federal Rules of Civil Procedure is called for."[1]  Because the SEC has not adhered to the requirements of the Hague Convention and the Federal Rules of Civil Procedure, the Court lacks personal jurisdiction over Ms. Gazit, and the Complaint should be dismissed.

## ARGUMENT

### I. The SEC Has Not Met Its Burden of Proving that Ms. Gazit Was Properly Served.

#### A. Ms. Gazit Was Not Served in Accordance with Rule 4(f)(1), the Hague Convention, or Israel Law.

The SEC contends that the Certificate of Service from Israel's Central Authority, issued pursuant to Article 6 of the Hague Convention ("Article 6 Certificate"), is "prima facie evidence" that service on Ms. Gazit complied with Article 5(a) of the Hague Convention and Israel law, and that the Court should not "look behind" the Certificate to "address [Ms.] Gazit's challenge" to proper service in the absence of "actual notice or prejudice."  Dkt. 48 at 5, 7-8.  This argument fails for two reasons.

---

[1]  *NSM Music, Inc. v. Villa Alvarez*, No. 02 C 6482, 2003 WL 685338, at *2 (N.D. Ill. Feb. 25, 2003).

1

*First*, as one of the cases upon which the SEC relies, *Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, Dkt. 48 at 7-8, demonstrates, a defendant "has no basis on which to ask [the] Court to look behind" a "facially valid Article 6 Certificate" where a defendant does not claim that the plaintiff "failed to comply with the Hague Convention" and does not claim that "service . . . violated local law." No. 16CV1318GBDBCM, 2018 WL 4681616, at *10 (S.D.N.Y. Sept. 11, 2018) (internal quotation marks omitted). But these are not the circumstances of this case. The Article 6 Certificate and accompanying delivery confirmation were not "facially valid," but facially inconsistent; while the Certificate states that "Court Personnel . . . left the documents on [Ms. Gazit's] door" after three failed delivery attempts at different dates and times, which Israel law permits, the accompanying delivery confirmation states that the documents were left "in [Ms. Gazit's] mailbox," which Israel law does not allow. Dkt. 41 at 9, 11-14. And, unlike the defendant in *Joint Stock Co.*, Ms. Gazit contends that her service violated local law and thus did not comply with Article 5(a) of the Hague Convention. Under these circumstances, the Article 6 Certificate should not be dispositive, and because the SEC did not submit any evidence to rebut the Declarations of Ms. Gazit and her local counsel in Israel, it has not met its burden of proving proper service. *See* Dkt. 48 at 6 ("As the plaintiff, the SEC bears the burden of proving adequacy of service."); s*ee, e.g.*, *High Island Health, LLC v. Libertybelle Mktg. Ltd.*, No. CIV A H-06-2931, 2007 WL 1173631, at *4-7 (S.D. Tex. Apr. 18, 2007) (granting motion to dismiss under Rule 12(b)(5) where declarations submitted by defendant U.K. company established that, contrary to the statement in the certificate of service, service was not effected in accordance with Article 5(b) of the Hague Convention).

*Second*, while courts have considered actual notice as a factor in determining the adequacy of service, the Second Circuit has "reject[ed] the notion that 'actual notice' suffices to

2

cure a void service," *Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 256 (2d Cir. 1991),[2] and for good reason: actual notice alone cannot confer personal jurisdiction on a defendant. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (discussing the "bedrock principle" that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process"); *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("[B]efore a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant . . . . There also must be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant.").

Because the SEC did not serve Ms. Gazit in accordance with Israel law, the Hague Convention, and the Federal Rules of Civil Procedure, the Court does not have personal jurisdiction over Ms. Gazit.

### B. Ms. Gazit Was Not Served in Accordance with Rule 4(f)(2)(A).

The SEC did not properly serve Ms. Gazit in accordance with Rule 4(f)(2)(A) "when a copy of the Summons and Complaint were delivered to [her] in an envelope posted to her door" by a process server retained by local counsel. Dkt. 48 at 11; *see* Dkt. 46, ¶¶ 1-2 (Declaration of process server Raz Briskin, explaining that his company was retained by Israel law firm Sherby & Co., Advs., to serve a copy of the Summons and Complaint upon Ms. Gazit). *First*, the SEC contends that this service was proper under Rule 4(f)(2)(A) because Israel has not objected to sending judicial documents by "postal channels" pursuant to Article 10(a) of the Hague Convention, and "delivery of documents by private couriers is service by 'postal channels.'"

---

[2] *See also Prewitt Enterprises, Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 924-25 (11th Cir. 2003) (holding that actual notice did not cure deficient service).

3

Dkt. 48 at 12. While Israel has not objected to service by "postal channels" under Article 10(a), there is no support for the SEC's proposition that service by a process server retained by local counsel is the equivalent of service by "postal channels" under Article 10(a). Indeed, the sole case upon which the SEC relies, *Willamette Green Innovation Ctr., LLC v. Quartis Cap. Partners*, No. 13-CV-00848-JCS, 2014 WL 5281039, at *3-5 (N.D. Cal. Jan. 21, 2014), held that FedEx qualifies as a "postal channel" under Article 10(a); it did not concern service by local process servers. *See also In re Hawker Beechcraft, Inc.*, 486 B.R. 264, 284 (Bankr. S.D.N.Y. 2013) (concluding that use of "a private overnight international mail courier service such as Federal Express" was the "functional equivalent" of a "postal channel" under Article 10(a)); *Sec. & Exch. Comm'n v. Cluff*, No. 17CV2460RMBKNF, 2018 WL 896027, at *4 (S.D.N.Y. Jan. 10, 2018) ("The [SEC's] contention that 'Israel does not oppose Article 10(a)' of the Hague Convention . . . is irrelevant, since Article 10(a) deals with 'the freedom to send judicial documents, by postal channels, directly to persons abroad,' and the [SEC] is not seeking leave to serve [defendant] 'by postal channels, directly to persons abroad.'").

*Second*, even assuming that service by a local process server is the equivalent of service by "postal channels" under Article 10(a), that method of purported "mail" service did not comply with Israel law. Israel Civil Procedure Regulation 161(3) permits service of a judicial document by mail only if it is sent by "registered mail," and pursuant to Israel's Post Act, a "registered mail item" must be "sent through a license holder." Ex. B, March 24, 2023, Declaration of Yaron Lipshes ("Lipshes Decl. 2") ¶¶ 2-3.[3] There is no evidence that the company retained by local

---

[3] Referenced exhibits are attached to the March 24, 2023, Declaration of Christina Karam filed in support of this motion.

4

counsel to effect service upon Ms. Gazit, GO! Shlihuyot, *see* Dkt. 46, ¶ 1, has the requisite license.[4]

### C.    Ms. Gazit Was Not Served in Accordance with Rule 4(f)(2)(C)(ii).

Nor was Ms. Gazit properly served in accordance with Rule 4(f)(2)(C)(ii) when the Clerk of Court served her via FedEx at the SEC's request. Compliance with the Rule requires, *inter alia*, a signed receipt. Fed. R. Civ. P. 4(f)(2)(C)(ii) (providing that, unless prohibited by the foreign country's law, service may be made "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt"); *see also* United States District Court, Southern District of New York, Clerk's Office, Foreign Mailing Instructions, at 2 ("Overnight mail (FedEx & DHL) is acceptable, as long as you are able to obtain a signed returned receipt."). The proof of delivery that the SEC obtained from FedEx states that "no signature is available for this FedEx Express shipment because a signature was not required." Dkt. 47 at 3. Because the "form of mail" that the SEC used did not "require[] a signed receipt," the SEC did not serve Ms. Gazit in accordance with Rule 4(f)(2)(C)(ii). *See, e.g.*, *Fed. Ins. Co. v. Cessna Aircraft Co.*, No. 16-2755-JWL, 2017 WL 2905576, at *2 (D. Kan. July 7, 2017) ("Plaintiff has not shown . . . that it used a form of mail . . . that requires a signed receipt . . . . The proof of service filed by plaintiff . . . includes a tracking document with a notation that the item was delivered in Israel, but there is no indication that a signed receipt was required or obtained. Thus, because plaintiff has not shown proper service under Rule 4(f)(2), it has not established the Court's jurisdiction

---

[4] The process server's Declaration describes a wholly inappropriate manner of attempting to serve Ms. Gazit, including by attempting to ask her neighbors about her whereabouts, Dkt. 46, ¶ 10, and by following her and her ten-year-old son, Dkt. 46, ¶¶ 11-12—in short, by acting more like a private investigator than a process server. Furthermore, as discussed in Section I.D., *infra*, Ms. Gazit does not recall any instance in which an individual outside her door identified himself as "a messenger with legal documents," Dkt. 46, ¶ 12, and disputes the SEC's contentions that she "refused to accept" service and "does not want to be served," Dkt. 48 at 19.

over [defendant] as required."). *Compare, e.g.*, *Sec. & Exch. Comm'n v. Glob. Inv. Strategy UK Ltd.*, No. 20 CIV. 10838 (AKH), Dkt. 10-7 at 1 (S.D.N.Y. Jan. 7, 2021) (FedEx proof of delivery with signature); *Evriholder Prod. LLC v. Simply LBS Ltd. Co.*, No. 17CV4329RABCM, 2020 WL 7060336, at *3 (S.D.N.Y. Apr. 21, 2020) (concluding that service was "procedurally proper" where plaintiff served defendant "by having the Clerk of Court send a copy of the summons and complaint to [defendant's] business address in Hong Kong via FedEx, with a 'direct signature required'"); *id.* Dkt. 21-2 (Aug. 29, 2018) (FedEx proof of delivery with signature).

      **D.**     **Dismissal Is Warranted.**

The SEC contends that, if its service attempts did not comply with Rule 4(f) (and they did not), the Court should nonetheless retain the action and allow the SEC additional time to complete service because the SEC has "diligently attempt[ed] to serve a defendant in a foreign country who does not want to be served." Dkt. 48 at 19. There is no evidence that Ms. Gazit has evaded service. Ms. Gazit does not recall any instance in which an individual outside her apartment door identified himself as "a messenger with legal documents," as the Declaration of Raz Briskin, the process server retained by local counsel, states. Ex. A, March 24, 2023, Declaration of Rinat Gazit ("Gazit Decl. 2") ¶ 3; *see* Dkt. 46, ¶ 12. Furthermore, as a general matter, Ms. Gazit—as a woman who lives with a ten-year-old son—does not open the door to individuals if she is not expecting them and they have not called her through the building intercom. Indeed, in recent months, due to several break-ins in her neighborhood, she, like others in her apartment building, has not been opening the door to her apartment to receive deliveries; couriers have been leaving packages outside the door. Gazit Decl. 2 ¶¶ 1-2. Additionally, the SEC disregards that when it first attempted to serve Ms. Gazit under Rule 4(f)(1) with documents addressed to her co-defendant, Moshe Strugano, Ms. Gazit, through local

6

counsel, alerted Israel's Central Authority to the error, *see* Dkt. 41 at 8; she did not, for example, move to dismiss the action based on insufficient process under Rule 12(b)(4).

The fact of the matter is that Ms. Gazit simply seeks—and due process entitles her to—more than actual notice of this action, but actual notice through adequate service of process. *Prewitt Enterprises, Inc.*, 353 F.3d at 924-25 (explaining that due process requires formal service of process rather than mere notice). The SEC has now attempted service upon Ms. Gazit on four separate occasions but has failed to adhere to requirements of Israel law, the Hague Convention, and the Federal Rules of Civil Procedure that—though technical—are capable of being followed. The Complaint should be dismissed.

## II.  A Stay of Discovery Pending Resolution of the Motion to Dismiss Is Warranted.

In contending that Ms. Gazit has not shown the requisite "good cause" to stay discovery, the SEC argues that her motion to dismiss, concerning the SEC's attempt to serve Ms. Gazit under Rule 4(f)(1), "has been rendered moot because she was served twice after she filed the [m]otion," and thus Ms. Gazit "cannot show that the strength of her [m]otion favors a stay of all discovery." Dkt. 48 at 16. For the reasons described above, however, these two service attempts were as deficient as the first.

The SEC also faults Ms. Gazit for failing to analyze the burden of responding to "specific discovery," Dkt. 48 at 16, even though it has not propounded any discovery requests. Indeed, the sole case on which the SEC relies, *RBG Mgmt. Corp. v. Vill. Super Mkt., Inc.*, No. 22-CV-07996 (JLR), 2023 WL 1996920, at *2 (S.D.N.Y. Jan. 24, 2023), was in a different procedural posture; the parties there had "already agreed to exchange Rule 26(a) disclosures, serve document requests, serve responses and objections to requests for production, and negotiate the scope of productions."

Finally, as to prejudice, witnesses' "fading memories" with the passage of time, Dkt. 48 at 16-17, is a potential problem in any litigation. However, the delay contemplated here—a stay while the Court determines whether it has personal jurisdiction over Ms. Gazit—is not so extensive that this is a substantial concern, and, in any event, the SEC has not identified any actual risk of particular fading memories or potentially unavailable evidence. *See VPR Brands, LP v. MONQ, LLC*, 599 F. Supp. 3d 714, 718 (M.D. Tenn. 2022) ("Delay necessarily entails the risk of loss of evidence and the potential for fading memories. However, the delay contemplated here[] is not so extensive that these are substantial concerns.").

## CONCLUSION

For all of these reasons, and those set forth in the moving brief, the Court should grant Ms. Gazit's motions to dismiss the Complaint and to stay discovery pending resolution of her motion.

Dated:  March 24, 2023  
       New York, New York

Respectfully submitted,

PETRILLO KLEIN & BOXER LLP

By: /s/ Christina Karam  
Nelson A. Boxer  
Christina Karam  
655 Third Avenue, 22nd Floor  
New York, NY 10017

*Attorneys for Rinat Gazit*