UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                 :

SECURITIES AND EXCHANGE COMMISSION,    :

                                         :     1:22-cv-03216 (RA)

                     Plaintiff,           :

                                         :

     - v -                                  :

                                       :

MOSHE STRUGANO and RINAT GAZIT,       :

                                       :

                 Defendants.      :

                                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

# DEFENDANT RINAT GAZIT'S MEMORANDUM OF LAW IN OPPOSITION TO THE SECURITIES AND EXCHANGE COMMISSION'S CROSS MOTION FOR ALTERNATIVE SERVICE

PETRILLO KLEIN & BOXER LLP

Nelson A. Boxer
Christina Karam
655 Third Avenue, 22nd Floor
New York, NY 10017

*Attorneys for Rinat Gazit*

## INTRODUCTION

The Court should reject the SEC's argument that alternative service under Rule 4(f)(3) is necessary because it tried to serve Ms. Gazit, a non-U.S. citizen and non-U.S. resident, under Rules 4(f)(1) and 4(f)(2), failed to comply with the requirements of the Hauge Convention and the Federal Rules of Civil Procedure each time, but Ms. Gazit now has "actual notice" of this lawsuit.  Moreover, the alternative methods of service proposed by the SEC are flawed and have been rejected by courts in this District.  Accordingly, the SEC's cross motion for alternative service should be denied.

## ARGUMENT

### I.      Court Intervention Is Not Needed Where the Requirements of the Hague Convention and the Federal Rules of Civil Procedure Can Be Followed.

The SEC argues that the Court should authorize alternative service under Rule 4(f)(3) because the SEC "has made diligent efforts to serve [Ms.] Gazit" under Rules 4(f)(1) and 4(f)(2), and if these "attempts were considered unsuccessful, Court intervention is necessary" because "such a ruling would mean (1) service through the Hague Convention is unreliable in this case for reasons outside the SEC['s] or Court's control, (2) [Ms.] Gazit has successfully evaded service by not answering her door to a courier attempting to deliver [a copy of the Summons and Complaint] to her, and (3) the procedures outlined by the Clerk of Court for service by mail are not sufficient in this case."  Dkt. 50 at 6-7.

Not so.  While the SEC has attempted service upon Ms. Gazit on four occasions (including one attempt with a Summons and Complaint addressed to her co-defendant), it has each time failed to adhere to requirements of the Hague Convention and the Federal Rules of Civil Procedure.  Court intervention is not needed where these requirements are capable of being followed and service under Rule 4(f)(1) or Rule 4(f)(2) remains feasible.  *See, e.g.*, *Altos Hornos*

*de Mexico, S.A.B. de C.V. v. Rock Res. Ltd.*, No. 15 CIV. 1671 JSR, 2015 WL 6437384, at *3 (S.D.N.Y. Oct. 19, 2015) ("The availability of [service through the Hague Convention] bears on the issue of whether alternative means of service are warranted."); *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, 66 F. Supp. 3d 385, 390 (S.D.N.Y. 2014), *adhered to on reconsideration*, No. 12-CV-5754 LAK, 2015 WL 998455 (S.D.N.Y. Mar. 5, 2015) ("Courts in this district generally consider the feasibility of service under Rules 4(f)(1)-(2) in determining whether to grant an order under Rule 4(f)(3)[.]").

Indeed, in contrast to the circumstances of *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015), on which the SEC relies, Dkt. 50 at 7, which necessitated Court intervention because "[n]early eight months after submitting materials to the Chinese Central Authority, . . . plaintiff ha[d] no indication of when service might be effectuated," here, there is no indication that Israel's Central Authority cannot effect service, or cannot cure identified deficiencies in service. The SEC's effort to accomplish service by a local process server does not comply with Article 10(a) of the Hague Convention because it is not the equivalent of service by a "postal channel," and as discussed in Ms. Gazit's Reply Memorandum of Law in Further Support of Her Motions to Dismiss and to Stay Discovery, there is no evidence that Ms. Gazit has attempted to "evade[] service." Finally, if the Court were to find that the SEC's attempt to serve Ms. Gazit via FedEx, under Rule 4(f)(2)(C)(ii), were deficient, that would not mean that the Clerk of Court's procedures for service under this Rule "are not sufficient"; it would mean that the SEC did not follow the this Court's procedures—which state that "[o]vernight mail (FedEx & DHL) is acceptable, as long as you are able to obtain a signed returned receipt"—when it failed to obtain a signed returned receipt. United States District Court, Southern District of New York, Clerk's Office, Foreign Mailing Instructions, at 2.

Because Court intervention is not needed, the Court should deny the SEC's request for alternative service under Rule 4(f)(3).

**II.      The SEC's Proposed Alternative Methods of Service Are Flawed.**

*First*, Rule 4(f)(3) does not authorize service upon undersigned counsel in New York, because it authorizes service "at a place not within any judicial district of the United States," and New York is "within [a] judicial district of the United States."  Fed. R. Civ. P. 4(f)(3); *see Convergen Energy LLC v. Brooks*, No. 20-CV-3746 (LJL), 2020 WL 4038353, at *7-9 (S.D.N.Y. July 17, 2020) (holding that service upon Spanish individual defendants through U.S. counsel located in New York could not be effected under Rule 4(f)(3) because the Rule's plain language limits it to service made outside of the United States).

*Second*, as for service upon Ms. Gazit's counsel in Israel, while Israel does not object to service by "postal channels, directly to persons abroad" under Article 10(a) of the Hague Convention, service by mail sent to Ms. Gazit's counsel in Israel is not service "directly" to Ms. Gazit.  *See, e.g.*, *Sec. & Exch. Comm'n v. Cluff*, No. 17CV2460RMBKNF, 2018 WL 896027, at *1, *4 (S.D.N.Y. Jan. 10, 2018) (denying SEC's motion to serve defendant by emailing "an Israeli lawyer acting on [his] behalf" and reasoning that the SEC's "contention that Israel does not oppose Article 10(a) of the Hague Convention . . . is irrelevant, since Article 10(a) deals with the freedom to send judicial documents, by postal channels, directly to persons abroad, and the [SEC] is not seeking leave to serve [defendant] by postal channels, directly to persons abroad") (internal quotation marks omitted).  And Israel's Civil Procedure Regulations do not permit case-initiating documents, such as a Summons and Complaint, to be served via email, unless the recipient consents.  *See* March 24, 2023, Declaration of Yaron Lipshes ¶ 4[1]; *Commodity Futures*

---

[1]      *See* March 24, 2023, Declaration of Christina Karam, Ex. B.

*Trading Comm'n v. Fingerhut*, No. 1:20-CV-21887, 2020 WL 3977147, at *3 (S.D. Fla. July 13, 2020) (denying request for alternative service via email where there was undisputed evidence that service via email was prohibited under Israel law).

*Third*, even if Israel law permitted the SEC to serve Ms. Gazit with a copy of the Summons and Complaint via e-mail sent to the "personal Gmail address that she provided during sworn testimony" in July 2021, Dkt. 50 at 8 (and it does not), "[a]bsent evidence that . . . [Ms. Gazit] uses and checks that e-mail address currently and frequently," this method of service cannot provide Ms. Gazit with formal notice in March 2023. *See Sec. & Exch. Comm'n v. Cluff*, 2018 WL 896027, at *5 (e-mail service not an adequate form of notice where SEC provided no evidence that defendant "uses and checks that e-mail address currently and frequently"); *see also Convergen Energy LLC*, 2020 WL 4038353, at *5 ("[E]ven if a defendant has notice of the pendency of the action, . . . [the] Court has a . . . responsibility to ensure that any alternative method of service that is ordered provides a defendant with formal notice and thus comports with constitutional due process.").

*Finally*, as to service upon Ms. Gazit by "mail sent to [her] residence at her known address," Dkt. 50 at 8, for the reasons discussed above, the Court should not exercise its discretion to allow this method of alternative service where the requirements of Article 10(a) of the Hague Convention, the Federal Rule of Civil Procedure 4(f)(2)(C)(ii), and the Clerk's Office's Foreign Mailing Instructions are capable of being followed.

4

**CONCLUSION**

For all of these reasons, the SEC's cross motion for alternative service should be denied.

Dated:  March 24, 2023                           Respectfully submitted,
         New York, New York

                                                 PETRILLO KLEIN & BOXER LLP


                                        By: _/s/ Christina Karam_____
                                            Nelson A. Boxer
                                            Christina Karam
                                            655 Third Avenue, 22nd Floor
                                            New York, NY 10017

                                            *Attorneys for Rinat Gazit*